BALTIMORE & O. R. CO. v. HOSKINSON.

(Circuit Court of Appeals, Fourth Circuit.  June 11, 1913.)

No. 1,142.

1. RAILROADS (§ 282*)—CONSTRUCTION—SIDE TRACKS—CLEARANCE.
   While a railroad company is required to construct its tracks and siding so as to give reasonable and sufficient clearance between cars on which licensees may be working at the time of trains passing on an adjoining track, such rule does not apply as a matter of law so as to require sufficient clearance for attachments like the arm of a mail car at points along the line other than those where mail cranes are erected, and it is expected that the arm will be extended to catch the sack.

   [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 910–923; Dec. Dig. § 282.*]

2. RAILROADS (§ 282*) — CONSTRUCTION — SIDE TRACKS — CLEARANCE — MAIL CATCHER—QUESTIONS FOR JURY—INSTRUCTIONS.
   Where, in an action for death of a licensee in a freight car on a side track by being struck by a projecting mail catcher on the side of a passing mail car, it was for the jury to determine whether the point of the accident was one at which the railroad company should have considered the possibility of the mail arm being raised so as to strike a car on the adjoining track, or whether the striking of the car by such arm was due solely to the negligence of the mail clerk in having it extended at that point, an instruction charging as a matter of law that the action of the mail clerk did not constitute such an unreasonable manipulation of the mail arm as to charge him with primary negligence, but that the primary negligence in the case was the careless construction of the side

track so close to the main track as to permit the mail arm to strike a box car placed on the side track, was erroneous.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 910–923; Dec. Dig. § 282.*]

3. RAILROADS (§ 282*)—CONSTRUCTION—INJURIES TO LICENSEES—ACTIONS—INSTRUCTIONS.

In an action for death of a licensee working in a freight car on a side track by being struck by a portion of a mail arm, broken in a collision between the arm and the car on the sidetrack, an instruction that if defendant had constructed its main line and siding in a careful and reasonable way before a contract with the Post Office Department to carry mail had been executed, and the Post Office Department designed the mail crane at the place in question, and it was properly constructed and had been used with safety for years, the fact that there may have been points along the line where an extended mail arm would interfere with freight cars on a siding did not show negligence on defendant's part if ordinary prudence in operating the road did not disclose to the railroad company that there would be danger at that point, and that as a matter of law it could not be expected that main tracks and sidings should be constructed on railroads so that a mail catcher from passing mail cars would never strike a car on the side track, but it was only required that reasonable space should be kept clear in approaching the mail crane from either direction, and if reasonable clearance was provided, and the siding was so far removed from the mail crane as in no reasonable way to cause danger or interference with a car on such siding the railroad company was not negligent, was proper, and was erroneously refused.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 910–923; Dec. Dig. § 282.*]

In Error to the District Court of the United States for the Northern District of West Virginia, at Parkersburg; Alston G. Dayton, Judge.

Action by Richard Hoskinson, as administrator of Alexander Thoburn, deceased, against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. W. Vandervort and B. M. Ambler, both of Parkersburg, W. Va. (Van Winkle & Ambler, of Parkersburg, W. Va., on the brief), for plaintiff in error.

James H. Strickling, of Huntington, W. Va. (John Marshall, of Parkersburg, W. Va., on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and BOYD and SMITH, District Judges.

SMITH, District Judge. This was an action at law for damages. The plaintiff's decedent was an employé of the Ohio Valley Glass Company. The Ohio Valley Glass Company had at Paden City, in West Virginia, a structure for the manufacture of glass, along which the Baltimore & Ohio Railroad Company had caused a switch or side track to be laid from the main track on the side of and adjacent to the said main track for the purpose of depositing or leaving cars on the side track to be loaded with glass cases or boxes by the glass company for transportation by the railroad company. North of the

glass house, say about 500 feet, there was situated a mail post or mail crane for the purpose of permitting the mail bag from Paden City to be placed thereon by the postmaster so as to permit the mail clerk in the mail train passing by raising an arm or catcher to catch the same, and take it into the mail car. On the 16th April, 1908, Alexander Thoburn, the plaintiff's decedent, who was an employé of the glass company, was lawfully engaged in loading and packing glass in a freight car on the side track alongside of the building of the Ohio Valley Glass Company. While so engaged, a mail coach attached to a passing train had the mail arm attached to the apparatus for taking the mail bag off the crane raised by the mail clerk, and in position for that purpose. When so raised, the mail arm being raised whilst the mail coach passed the freight car on the switch or side track, it struck the facing of the door of the freight car, and also the door which was partially open, breaking the mail arm, and striking the said Alexander Thoburn with such force and violence that as the result thereof the said Alexander Thoburn died within a few hours after receiving his injuries. Testimony was offered to show that the engineer had failed to give timely notice by a whistle or signal so as that the mail clerk in the mail car would raise the arm at the proper point when the car passed the mail crane to take the pouch of mail off the crane.

The acts of negligence as to which evidence was offered by the plaintiff were, first, that it was the duty of the railroad company so to construct its side switch or side track that any one lawfully working in a car placed on said side track should be safe and secure while working in said car from any passing train, cars, fixtures, or appliances attached thereto, and that its failure to give sufficient clearance between its main track and the side track so as to allow the mail coach with the mail arm raised to pass without its striking the car upon the side track was negligence. The other act of negligence propounded in the testimony was the failure of the engineer to give timely warning by whistle or otherwise to the mail clerk of his approach to the mail post or crane so that the clerk might raise the mail arm, and catch the pouch while the train was passing the post, and not have it raised after or before it had passed the post so as to be in a position to strike a freight car on the side track at some distance from the mail crane or post.

On the side of the railroad company it was sought to prove that full and timely notice had been given by the engineer, and that the mail crane and the mail arm or catcher had been located by the United States government or under its direction, and constructed in accordance with its requirements; that the crane was quite far enough from the point where the freight car was on the side track to permit the mail clerk to raise the mail arm when passing the mail crane so as to take off the pouch, and then lower it before reaching any car on the side track, and that the accident in this case was due to the carelessness of the mail clerk in raising the mail arm so as to make it project from the side of the mail coach not at the proper point, viz., where it was passing the mail crane, but a wholly unex-

pected and unnecessary point, viz., when it was passing the freight car, and the accident therefore was the result of the negligent use of the mail arm or catcher by the mail clerk. On objection to an instruction asked for by the plaintiff below the court ruled as follows:

"It seems to me very clear that this accident would not have occurred if there had been sufficient clearance between the main track and the side track upon which the box car was standing. As I understand the evidence, the mail car under the control of the mail agent of the United States government was constructed with all of its appliances, including the mail catcher attached to the outside, by the railroad company; that it was owned by the railroad company, and constituted a part of its equipment; thus owned, it being responsible for its construction and its attachment, and it being beyond question that the plaintiff's decedent was lawfully in that box car and was in no wise in fault, that it was the plain duty of the railroad company to adjust its tracks so that the attachments to this mail car could not under any circumstances strike a box car standing on one of its side tracks and cause the death, as in this instance of an innocent party. I cannot regard the action of the railway mail clerk as constituting such unreasonable manipulation of this mail catcher as to charge him with primary negligence in the premises. * * * On the contrary, it seems to me clear that the primary and fundamental negligence in the case was the careless construction of this side track so close as to permit the arm of the catcher to strike a box car placed by the railroad company itself upon the side track. * * * All of these conditions, as well as the one here illustrated, seem to me to enforce clearly the obligation upon the railroad company to so construct its side track that in any exigency an attachment hanging on the outside of the car might not by any fortuitous circumstances be in a position to cause the death or injury of an innocent person in a box car on the side track adjoining, so close as to be capable of being struck by it."

In this we think the learned judge who tried the case erred in practically taking the matter from the jury upon these points under the principles decided in the case of Norfolk & Western Railway Co. v. Hauser, 211 Fed. 567, 128 C. C. A. ——, decided at this term of this court. We do not think it can be said to be matter of law that it is the plain duty of the railroad company to adjust its tracks so that attachments to the mail car which are subject to adjustment and change could not under any circumstances strike a box car standing on one of its side tracks and cause the death of an innocent party.

[1] The railroad is to construct its tracks so as to give reasonable and sufficient clearance between cars standing upon the side track on which an innocent person may be working at the time of trains passing upon an adjoining track, but attachments like the arm of a mail car, which are intended to project only at certain points, cannot be said to be within the rule that requires that sufficient clearance must be given for them when raised for a particular purpose at all points on the entire railroad. There are only certain points at which those mail arms or mail catchers are raised so as to project from the side of the car for the purpose of removing the mail pouch on the crane. At all other points, according to the testimony, this arm is lowered and lies flat along the side of the mail car.

[2] The question under the issues in this case was whether sufficient clearance had been given at the particular point where the injury was inflicted. Was that point one at which the railroad company should have considered the possibility of the mail arm being

raised so as to strike a car on the adjoining track? If it was, then was the railroad company negligent in failing to provide a sufficient clearance? Those were questions under the evidence for the jury. Sufficient clearance for this arm must be given at the point at which it is intended to project, and for such reasonable distance before and arriving at the particular point as in the opinion of the jury are necessary to give sufficient and proper clearance, but it is for the jury to say what that clearance is and we cannot say as a matter of law that the railroad was to so adjust its tracks so that this arm to the mail car could not under any circumstances at any point of its tracks when improperly or negligently raised project and strike a box car upon an adjacent track. The testimony offered by the railroad was for the purpose of establishing that there was quite sufficient clearance at the point where the accident occurred to have permitted the mail car with its attachment to pass it without striking the box car, except for the fact that at that particular point the mail clerk had improperly and negligently raised the mail catcher, so that it protruded to a distance beyond the side of the mail car greater than it should normally be when it was not raised. The question, therefore, was for the jury to say whether or not the mail clerk was solely guilty of negligence on his part in having it so raised at that particular point, or whether the railroad in calculating and allowing for a proper clearance should not have allowed for the possibility of its being raised at that point. We also think he erred in charging that the action of the railway mail clerk could not be regarded as constituting such unreasonable manipulation of this mail catcher as to charge him with primary negligence in the premises. Under the pleadings and the testimony that was one of the very questions at issue, and was a question which should have gone to the jury, as well as the question whether or not the action of the mail clerk in raising the catcher at the point at which he did, in lieu of confining it to the point at which it was to be expected that the mail clerk would take the pouch into the mail car, did not charge the clerk with primary negligence in causing the accident. So, too, it was for the jury to say whether it was primary and fundamental negligence in the case for the railroad to construct its side track so close as to permit the arm of the catcher to strike a box car placed by the railroad company itself upon the adjoining side track. This mail arm was intended to be raised only at certain points; and, as we have indicated, it was for the jury to say whether or not the box car on the side track was by the railroad allowed to be put too near to the point at which this mail arm was to be raised to permit of a proper and sufficient clearance under all and any reasonable circumstances under which the arm might be raised. We do not think that it can be said to be a matter of law that there is any obligation upon the railroad company so to construct a side track that in any exigency an attachment on the outside of the car to be manipulated by a mail clerk or by any employé in a car must never be in a position in which it may strike a box car on the side track adjoining it. These mail arms or catchers are intended to be raised for particular purposes at particular points,

and it is for the jury to say whether under the necessity of raising this mail arm at this point the railroad in this particular case had sufficient clearance to reasonably protect any car upon the side track adjoining its main track so as to free it from any charge of negligence. To say that under any and all circumstances, even at points at which the mail arm is not intended to be raised, and never would under normal circumstances be raised, that the railroad must so construct its tracks that by no possibility the mail arm if raised at such point by a person over whom the railroad has no control in the raising of it, must never strike 'an adjoining car, is to state a general proposition of law as to what would constitute negligence in a case in which we think the conclusion of negligence was one to be drawn by the jury from the evidence in the case, and the statement therefore was one which as it stood might well be understood by the jury to control them and was therefore erroneous.

[3] Again the court refused the following instruction prayed by the defendant:

"If the jury believe from the evidence that the defendant company had constructed its main line and siding in a careful and reasonable way for the conduct of its business and safety of its employés and passengers, and others properly using said sidings and in the way usual by all railroads, before a contract was made with the Post Office Department to carry mail on its trains, and that the officials of the Post Office Department designated the plans for constructing a mail crane at Paden City, and that it was properly constructed at such place and was used with safety for years, the mere fact that there may have been points along the line where an extended mail arm or catcher from a postal car would interfere with freight or other cars on the siding near the glass house does not show negligence on the part of the defendant if ordinary prudence of said defendant's officials in operating their road did not disclose to them that there would be danger at such point where mail was to be caught—as a matter of law it cannot be expected that main tracks and sidings must be constructed on railroads so that a mail catcher from passing postal cars will never strike a car on such side track, but it is required that reasonable space shall be kept clear in approaching the said mail crane from either direction along the line of said road; and, if reasonable clearance was provided for the siding at Paden City and said siding was so far removed from the mail crane as in no reasonable way to cause danger of interference with a car on such siding and said railroad company were not otherwise negligent, the jury must find for the defendant."

In the view of the court, under the principles heretofore stated, this instruction under the issues and testimony was proper and involved a proper statement of the law applicable to the case and the learned trial judge was in error in refusing it. Taking the charge as a whole and considering these instructions and statements from the court, together with the others given by it, it would appear that upon the points stated the jury was instructed that the testimony as a matter of law established negligence on the part of the railroad company, and that the jury was not itself free to pass upon the questions of negligence as a question of fact.

For these reasons, the judgment below will be reversed, and the case remanded to the District Court of the United States for the Northern District of West Virginia for a new trial.

Reversed.